**UNITED STATES BANKRUPTCY COURT**
NORTHERN     **DISTRICT OF** ILLINOIS

In re:  DANIEL PRATT                                  §    Case No.  09-B-12143
                                                      §
                                                      §
_____Debtors_____ §

**TRUSTEE'S FINAL REPORT (TFR)**

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under chapter 7 of the United States Bankruptcy Code on 04/06/2009 . [The case was converted to one under Chapter 7 on _____.] The undersigned trustee was appointed on 04/06/2009 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                          $8,002.12

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Administrative expenses | $0.00 |
   | Payments to creditors | $0.00 |
   | Non-estate funds paid to 3rd Parties | $0.00 |
   | Exemptions paid to the debtor | $0.00 |
   | Leaving a balance on hand of | $8,002.12 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

**UST Form 101-7-TFR (4/1/2009)**

6. The deadline for filing claims in this case was 10/06/2009       . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is      $1,630.21 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received      $0.00 as interim compensation and now requests the sum of      $1,630.21 , for a total compensation of      $1,630.21. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of      $0.00 , and now requests reimbursement for expenses of      $10.86 , for total expenses of      $10.86 .

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 10/14/2009       By:    /s/ ALLAN J. DeMARS
                                        Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-TFR (4/1/2009)**

**EXHIBIT "A"   FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Case No. 09-12143                                              Trustee Name: Allan J. DeMars

Case Name:  DANIEL PRATT                                       Date Filed (f) or Converted (c): 4/6/09  (F)

For Period Ending:  12/31/09                                   §341(a) Meeting Date: 4/6/09

                                                               Claims Bar Date: 10/6/09

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) Ref # | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§ 554(a) abandon DA=§ 554(c) abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1  cash | 1,500.00 | 0.00 | DA |  | FA |
| 2  checking account | 1,000.00 | 0.00 | DA |  | FA |
| 3  bedroom furniture | 800.00 | 0.00 | DA |  | FA |
| 4  computer equipment | 500.00 | 0.00 | DA |  | FA |
| 5  living room furniture | 500.00 | 0.00 | DA |  | FA |
| 6  television | 800.00 | 0.00 | DA |  | FA |
| 7  clothing | 1,000.00 | 0.00 | DA |  | FA |
| 8  IRA | 2,000.00 | 0.00 | DA |  | FA |
| 9  Roth IRA | 800.00 | 0.00 | DA |  | FA |
| 10  preference recovery (u) | 8,800.00 | 8,800.00 |  | 8,000.00 | FA |
| 11  interest on invested funds |  | 2.12 |  | 2.12 |  |

TOTALS (Excluding unknown values)                  8,002.12                         8.002.12

(Total Dollar Amount in Column 6)

Major activities affecting case closing: recovery of insider preference; investigation into potential inheritance

Initial Projected Date of Final Report (TFR):  October, 2009        Current Projected Date of Final Report (TFR):  10/14/09

EXHIBIT "B"

**FORM 2**

**CASH RECEIPTS AND DISBURSEMENT RECORDS**

Case No.: 09-12143  
Case Name: DANIEL PRATT  
Taxpayer ID#: 27-6115071  
For Period Ending: 12/31/09  

Trustee's Name: Allan J. DeMars  
Bank Name: Bank of America  
Initial CD #: CDI  
Blanket bond (per case limit): 5,000,000  
Separate bond (if applicable): _____  
Money Market #: 375 555 5289  

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Money Market Balance |
| 7/9/09 | Ref 10 | from Louis Pratt, debtor's father | check to debtor signed over to trustee in partial repayment of insider preference | 1241-000 | 4,000.00 | | 4,000.00 |
| 7/10/09 | Ref 10 | from debtor | final repayment of insider preference to his mother | 1241-000 | 4,800.00 | | 8,800.00 |
| 7/31/09 | Ref 11 | Bank of America | interest on invested funds | 1270-000 | 0.46 | | 8,800.46 |
| 8/31/09 | Ref 11 | Bank of America | interest on invested funds | 1270-000 | 0.75 | | 8,801.21 |
| 9/30/09 | Ref 11 | Bank of America | interest on invested funds | 1270-000 | 0.72 | | 8,801.93 |
| 10/9/09 | Ref 11 | Bank of America | interest on invested funds | 1270-000 | 0.19 | | 8,802.12 |

```
                                         COLUMN TOTALS        8,802.12            0        8,802.12
                                                        Less:       Bank     transfers/CD

                        Subtotal
                        Less: Payments to debtor(s)
                        Net                             8,802.12            0        8,802.12

                                                              NET
TOTAL - ALL ACCOUNTS                      NET DEPOSITS   DISBURSEMENTS     BALANCES
Checking#
Money Market #    375 555 5289            8,802.12            0        8,802.12
Net                                       8,802.12            0        8,802.12
                                         Excludes account  Excludes payments  Total Funds
                                         transfers        to debtor          on Hand
```

Exhibit D

## TRUSTEE'S PROPOSED DISTRIBUTION

Case No.: 09-B-12143
Case Name: DANIEL PRATT
Trustee Name: ALLAN J. DeMARS

Claims of secured creditors will be paid as follows:

| | *Claimant* | *Proposed Payment* |
|---|---|---|
| Delete | NONE | $0.00 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| | *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|---|
| Trustee | ALLAN J. DeMARS | $1,630.21 | $10.86 |
| Attorney for trustee | ALLAN J. DeMARS | $1,892.25 | |
| Appraiser | | | |
| Auctioneer | | | |
| Accountant | | | |
| Special Attorney for trustee | | | |
| Charges, | U.S. Bankruptcy Court | | |
| Fees, | United States Trustee | | |
| | Other | | |

**UST Form 101-7-TFR (4/1/2009)**

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | | Fees | Expenses |
|---|---|---|---|
| Attorney for debtor | | | |
| Attorney for | | | |
| Accountant for | | | |
| Appraiser for | | | |
| Other | | | |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | NONE | | |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $57,632.18 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 7.8 percent.

Timely allowed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 1 | Discover Bank | $8,250.61 | $639.75 |
| 2 | RBS Citezens Bank | $3,633.82 | $281.77 |
| 3 | Stuart Allan and Assoc. | $5,777.15 | $447.96 |

**UST Form 101-7-TFR (4/1/2009)**

| # | Creditor | | |
|---|---|---|---|
| 4 | PYOD LLC as assignee of Citibank | $26,663.39 | $2,067.48 |
| 5 | American Express Centurion Bank | $1,320.24 | $102.37 |
| 6 | American Express Centurion Bank | $5,574.14 | $432.22 |
| 7 | PRA Receivables Mgmt. as agent of Portolio Recovery successor to HSBC Bank | $318.74 | $24.72 |
| 8 | Premier BankCard/Charter | $485.71 | $37.66 |
| 9 | AES/PHEAA NATNL LOAN | $5,608.38 | $434.87 |

**UST Form 101-7-TFR (4/1/2009)**

Late filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | |

Subordinated unsecured claims for fines, penalties, and forfeitures are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | |

The amount of surplus returned to the debtor after payment of all claims and interest is $0.00.

UST Form 101-7-TFR (4/1/2009)